IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GENESIS FINANCIAL INC., )<br>a Washington Corporation, Granite )<br>Financial LLC, a Washington Limited )<br>Liability Company, Washington Mortgage )<br>Services & Investment Corporation Profit )<br>Sharing Trust, both through their agent, )<br>Genesis Financial Inc. )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>CHERRY GROVE GOLF AND )<br>TENNIS CLUB INC., an Idaho )<br>Corporation, Henry Ford Willey III and )<br>Donna L. Willey, husband and wife )<br>)<br>Defendants. )<br>_____) | Case No. CIV 05-418-N-EJL<br><br><br><br><br><br><br><br><br><br>MEMORANDUM ORDER |

Plaintiffs, Genesis Financial Inc, et al. ("Genesis"), bring this diversity action against Defendants, Cherry Grove Golf and Tennis Club, Inc., Henry Ford Willey III and Donna L. Willey (collectively "Cherry Grove"), to foreclose on two mortgage instruments and to collect on the underlying promissory notes. Cherry Grove has filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b), contending that the Court lacks subject matter jurisdiction because complete diversity of citizenship does not exist between the parties. The motion is ripe. Having fully reviewed the record, the Court

MEMORANDUM ORDER - 1

finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without a hearing.

## Background

Cherry Grove owns approximately 300 acres of real property in Bonner County, Idaho. The property originally contained natural wetlands but they were destroyed by a prior owner. In September of 2003, Cherry Grove executed a $500,000.00 promissory note in favor of Genesis. The promissory note is secured by a Real Estate Mortgage, Instrument No. 634448 (the "first mortgage"), that encumbers the 300 acres of Bonner County property.

Subsequently, Cherry Grove and Valencia LLC, a Washington company, formed an Idaho joint venture partnership called Valencia Wetland Trust ("VWT") for the purpose of restoring the wetlands on the Bonner County property with the intention of selling wetlands mitigation credits. Under the joint venture agreement, the Bonner County property would remain titled to Cherry Grove. Valencia LLC would contribute capital and service debt obligations.

In November of 2004, Cherry Grove executed a second promissory note for $500,000.00 in favor of Genesis. This promissory note also was secured by a Real Estate Mortgage, Instrument No. 666911 (the "second mortgage"), that encumbers the 300 acres

of Bonner County property. Defendants subsequently defaulted on the promissory notes and this action for mortgage foreclosure followed.

### Discussion

A plaintiff may not invoke diversity jurisdiction of the federal courts unless each defendant is a citizen of a different state than each plaintiff. 28 U.S.C. § 1332; <u>Inecon Agricorp. v. Tribal Farms, Inc.</u>, 656 F.2d 498, 500 (9th Cir. 1981). The party seeking to invoke federal jurisdiction has the burden of proving diversity jurisdiction. <u>Lew v. Moss</u>, 797 F.2d 747, 749 (9th Cir.1986).

It is uncontested that all named Defendants are citizens of Idaho. The Complaint states that all Plaintiffs are Washington corporations and therefore diverse for subject matter purposes but Cherry Grove challenges the sufficiency of these allegations. Cherry Grove also argues that the first mortgage incorporates a document that requires any dispute to be litigated in state court. Finally, Cherry Grove contends that Genesis has failed to join VWT and Valencia LLC,[1] a Washington company, who "once properly pled into this action as a necessary party will destroy any diversity and alleged federal jurisdiction." (Defs.' Mem. 2).

Addressing this last contention first, the Court notes that if there are unnamed defendants who are indispensable to this action and who are Washington citizens, then complete diversity would be destroyed. Cherry Grove attempts to demonstrate that VWT

---

[1] As mentioned above, VWT is an Idaho partnership formed by Cherry Grove and Valencia LLC, a Washington company. Thus, it is the citizenship of Valencia LLC that Cherry Grove contends is responsible for destroying the complete diversity of this action.

MEMORANDUM ORDER - 3

is a necessary party by reciting various terms of the joint venture agreement and statutory sections of Idaho partnership law. While these provisions might be relevant to clarifying the obligations created between Cherry Grove and Valencia LLC, the Court concludes that they have no apparent legal effect in characterizing the nature of the obligation between Cherry Grove and Genesis.[2]

More significantly, Cherry Grove observes that both the second promissory note and second mortgage contain a handwritten interlineation that adds below the signature block for Cherry Grove Golf and Tennis Club Inc., "as managing partner/Valencia Wetlands Trust." According to Cherry Grove, this modification demonstrates that the obligation created by these documents belongs to VWT and not Cherry Grove. Genesis' response on this matter, however, is convincing. Because the interlineation is a handwritten addition and is inconsistent with the terms of the documents, was not initialed by anyone and is contrary to the notary blocks, the Court finds it more likely than not that the interlineation is ineffective and that the obligation created by these documents flows solely to the named Defendants. Of course this determination is preliminary in nature and for purposes of this decision only. The court "has a continuing obligation to assess its own subject-matter jurisdiction." Allstate Ins. Co. v. Hughes, 358 F.3d 1089, 1093 (9th Cir. 2004). If during the course of this litigation additional facts are established that bear on this issue, the Court may revisit the matter.

---

[2] All the Court's legal determinations are necessarily preliminary and subject to being revisited when the issue is considered in the context of resolving the merits of this action.

MEMORANDUM ORDER - 4

Cherry Grove also argues that the first mortgage incorporates an Equity Participation Agreement, and that the Equity Participation Agreement requires any dispute be litigated in state court. While the Court agrees that the Equity Participation Agreement may be considered incorporated into the first mortgage, that does not mean Genesis is precluded from foreclosing the mortgages in a federal forum. By its expressed terms, the state forum selection clause of the Equity Participation Agreement is triggered only by "a dispute regarding the terms of this Equity Participation agreement." (Aff. of Brent C. Featherston, Ex. B). There is no dispute concerning the Equity Participation Agreement pending before this Court and therefore the forum selection clause has no application.

Lastly, Cherry Grove contends that Genesis has failed to properly allege federal jurisdiction in its Complaint. Specifically, Cherry Grove maintains that Genesis has not properly alleged the citizenship of each Plaintiff. In this, Cherry Grove is clearly correct. The Complaint's allegations of citizenship fall short of what is required. See, e.g., Fifty Assocs. v. Prudential Ins. Co. of America, 446 F.2d 1187, 1188-90 (9th Cir. 1970). Contrary to Cherry Grove's suggestion, however, such a defect does not mean that this action must be dismissed. See id. at 1192-93(citing 28 U.S.C. § 1653). The general rule is that "an inadequate pleading does not in itself constitute an actual defect of federal jurisdiction" and may be cured without dismissal. Kanter v. Warner-Lambert Co., 265 F.3d 853, 860 (9th Cir. 2001) (quoting Jacobs v. Patent Enforcement Fund, Inc., 230 F.3d 565, 568 (2nd Cir. 2000) (explaining that "when a defendant moves under Federal Rule of

MEMORANDUM ORDER - 5

Civil Procedure 12(b)(6) to dismiss a complaint that inadequately pleads diversity jurisdiction" the court "may deny the motion and direct the pleader to amend")).

## Order

Based on the foregoing, and the Court being fully advised in the premises, it is **HEREBY ORDERED** that Defendants' Motions to Dismiss (docket no. 15) is **DENIED**; that Defendants' Motion to Strike (docket no. 26) is **DENIED as moot**; and that Plaintiffs shall file forthwith an Amended Complaint consistent with this Order.

DATED: **December 9, 2005**

_____
Honorable Edward J. Lodge
U. S. District Judge